**AMERICAN CYANAMID COMPANY, and Dorothy Ann Livingston Carvalho, Plaintiffs,**

**v.**

**David L. LADD, Commissioner of Patents, Defendant.**

**Civ. A. No. 1726-63.**

United States District Court District of Columbia.

Jan. 23, 1964.

William Paul Spielman, Washington, D. C., Theodore C. Virgil, Stamford, Conn., for plaintiffs.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This action was brought by plaintiffs under the Administrative Procedure Act, 5 U.S.C. § 1009, seeking an order to compel the defendant, Commissioner of Patents, to assign a serial number and a filing date to an application for United States Letters Patent based on case No. 17,924 (this is the number used by American Cyanamid Company in their records to designate the invention involved herein), submitted to the defendant by the plaintiff, American Cyanamid Company, under 35 U.S.C. § 118, and by the plaintiff, Dorothy Ann Livingston Carvalho, under 35 U.S.C. § 116.

The plaintiffs moved, pursuant to Rule 56 of the Federal Rules of Civil Procedure for a summary judgment. The defendant then filed a cross-motion for summary judgment.

The undisputed facts in this case are as follows:

The plaintiff, Dorothy Ann Livingston Carvalho, and one Nestor W. Shust, were employed by plaintiff, American Cyanamid Company, on or about June 27, 1960, and June 22, 1960, respectively, as research workers.

In consideration of their employment by the American Cyanamid Company, they each executed an Employment Agreement by which all rights to any invention made by them during the period of their employment would become the sole property of the American Cyanamid Company. In addition, they relinquished all control over the prosecution of any patent application which might be filed in any country of the world for such invention.

During his employment, Nestor Shust jointly made an invention with Dorothy

Carvalho, and this invention is the subject matter of case No. 17,924.

On or about January 11, 1962, Nestor Shust terminated his employment with American Cyanamid Company, and entered the employ of the United States Patent Office as a Patent Examiner. On or about November 5, 1962, American Cyanamid Company submitted to Nestor Shust for execution all documents necessary for applying for United States Letters Patent based on the joint invention, and Nestor Shust refused to execute them. Later, however, on February 19, 1963, Nestor Shust did assign to American Cyanamid Company his entire right, title and interest in and to the invention of case No. 17,924.

Following the refusal of Nestor Shust to execute said documents, the plaintiff, American Cyanamid Company, applied under 35 U.S.C. § 118 for United States Letters Patent based on case No. 17,924 in its capacity as the assignee of the entire interest of the joint inventors, Nestor Shust and Dorothy Carvalho, and the defendant refused to assign a serial number and filing date to the application.

Also, the plaintiff, Dorothy Carvalho, applied for United States Patent Application based on case No. 17,924 as the joint inventor under 35 U.S.C. § 116, and the defendant also refused to assign a serial number and filing date to that application.

Both American Cyanamid Company and Dorothy Carvalho had exhausted their administrative remedies before the filing of this civil action.

As stated above, there is no dispute with respect to the facts. The entire right, title and interest in the invention is unquestionably owned by American Cyanamid Company. To deny anyone who owns an invention the right or privilege of protecting, or at least attempting to protect it under the Patent Statute, unless said statute expressly prohibits it, seems, to say the very least, not justice. It has been said that law isn't justice, and in many cases it isn't, but as far as this Court is concerned the contention of the Patent Office that 35 U.S.C. § 4[1] constitutes a limitation or exception to 35 U.S.C. §§ 116, 118,[2] is not sound with

1. "Officers and employees of the Patent Office shall be incapable, during the period of their appointments and for one year thereafter, of applying for a patent and of acquiring, directly or indirectly, except by inheritance or bequest, any patent or any right or interest in any patent, issued or to be issued by the Office. In patents applied for thereafter they shall not be entitled to any priority date earlier than one year after the termination of their appointment."

2. Sec. 116: "When an invention is made by two or more persons jointly, they shall apply for patent jointly and each sign the application and make the required oath, except as otherwise provided in this title.

"If a joint inventor refuses to join in an application for patent or cannot be found or reached after diligent effort, the application may be made by the other inventor on behalf of himself and the omitted inventor. The Commissioner, on proof of the pertinent facts and after such notice to the omitted inventor as he prescribes, may grant a patent to the inventor making the application, subject to the same rights which the omitted inventor would have had if he had been joined. The omitted inventor may subsequently join in the application.

"Whenever a person is joined in an application for patent as joint inventor through error, or a joint inventor is not included in an application through error, and such error arose without any deceptive intention on his part, the Commissioner may permit the application to be amended accordingly, under such terms as he prescribes."

Sec. 118: "Whenever an inventor refuses to execute an application for patent, or cannot be found or reached after diligent effort, a person to whom the inventor has assigned or agreed in writing to assign the invention or who otherwise shows sufficient proprietary interest in the matter justifying such action, may make application for patent on behalf of and as agent for the inventor on proof of the pertinent facts and a showing that such action is necessary to preserve the rights of the parties or to prevent irreparable damage; and the Commissioner may grant a patent to such inventor upon such notice to him as the Commissioner deems sufficient, and on compliance with such regulations as he prescribes."

respect to the situation at bar, where the invention had been completed prior to Shust's employment by the Patent Office and he had no interest therein at that time. The Court does not decide at this time whether Congress intended to apply these sections where the invention was made by an employee of the Patent Office during his employment.

Section 4 merely restates the old rule of law that "since 1836, officers and employees of the Patent Office have been disqualified from obtaining any right or interest in a patent issued by the Office, except by inheritance or bequest, during their terms of office." Federico, Commentary on the New Patent Act, 35 U.S. C.A. at p. 11. As shown by the facts, the Patent Office employee, Nestor Shust, has no legally recognizable right or interest in the joint invention since all right, title and interest in said invention is vested in the America Cyanamid Company. The evils to which that section is directed are not present in this case.

 Moreover, it is the opinion of this Court that this holding does not do injustice to the principle that different sections of statutes should be read and interpreted to conform one with the other, rather than make one the alpha and omega.

Furthermore, this Court finds that both Sections 116 and 118 appear to be applicable to this situation. Section 116 states that if a joint inventor refuses to sign, the other inventor(s) may apply on behalf of himself and the omitted inventor. Mr. Shust refused to execute the application papers. Of course under 35 U.S.C. § 4 he had to, but that makes no difference in this case. The fact remains that he did refuse, and in the opinion of this Court his refusal should be interpreted to be just a refusal, nothing more, nothing less.

Moreover, Section 118 states that when an inventor refuses to execute or cannot be found or reached, a person to whom the inventor has assigned or agreed in writing to assign the invention, or who otherwise shows sufficient proprietory interest in the matter, may make application for Letters Patent. Clearly, American Cyanamid Company qualifies as such a person under this section in view of the facts stated above.

The Court makes no holding as to which of the sections the plaintiffs should proceed under since this presents purely a question of Patent Office procedure that can be determined by the parties themselves.

This is a case of first impression, and because it is so, this Court feels that it would be improper and unjust to deny the motion of the plaintiffs. To hold otherwise would rob the American Cyanamid Company of a property right that it has, and this the Court refuses to do.

Therefore, the motion of plaintiffs for summary judgment will be granted, and the motion of defendant for summary judgment is denied.